IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

CRAIG A. CARLSON                                                                                      PLAINTIFF

v.                               CIVIL NO. 18-03119

ANDREW SAUL[1], Commissioner                                                DEFENDANT
Social Security Administration

## MEMORANDUM OPINION

Plaintiff, Craig A. Carlson, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (the "Commissioner") denying his claims for a period of disability, disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits under the provisions of Titles II and XVI of the Social Security Act (the "Act"). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405 (g).

Plaintiff protectively filed his Title II application on October 24, 2016, and his Title XVI application on January 9, 2018. (Tr. 46). In both applications, Plaintiff alleged disability beginning on April 22, 2014, due to mental issues and being unable to get along with others. (Tr. 46, 255). An administrative hearing was held on March 27, 2018, at which plaintiff appeared with counsel and testified. (Tr. 81-135). Plaintiff's wife, Laurel Carlson, and a vocational expert, Barbara Hubbard, also testified. (Id.).

---

[1] Andrew M. Saul has been appointed to serve as Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

By written decision dated June 21, 2018, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: chronic low back pain syndrome, plantar fasciitis, and a personality disorder. (Tr. 49). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of Impairments found in 20 CFR Part 404, Subpart P, Appendix 1. (Tr.49-50). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c), except the Plaintiff could perform only jobs involving simple tasks and simple instructions where there was only incidental contact with the public. (Tr. 50-54). The ALJ found Plaintiff would be able to do his past relevant work as a sawmill laborer or as a poultry plant hand packager and poultry eviscerator. (Tr. 54-55).

Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 14, 15).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th

Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises the following issues in this matter: 1) Whether the ALJ's RFC determination was supported by substantial evidence; and 2) Whether the Appeals Council erred in failing to remand the case after receiving new evidence. (Doc. 14, pp. 2-10). The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

IT IS SO ORDERED this 14th day of February 14, 2020.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE